## HOYT HOWINGTON v. STATE.

No. A-5830.   Opinion Filed Nov. 29, 1926.
(250 Pac. 941.)

Gustave A. Erixon and E. J. Giddings, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

DOYLE, J. Appellant, Hoyt Howington, was convicted of murder, and in accordance with the verdict of the jury was sentenced to imprisonment for life. This is the second appeal in this case. The former conviction of appellant was reversed in this court. Howington v. State, 30 Okla. Cr. 243, 235 P. 931.

The only questions presented on this appeal are, Is the information sufficient; and, was there a fair trial free from prejudice?

The information in substance charges that in Oklahoma county, on the 20th day of January, 1924, appellant, in an attempt to perpetrate a robbery, killed and murdered one Jack King by shooting him with a pistol.

The information properly charges the crime of murder committed in perpetration of a robbery. Homicide committed in the perpetration of a robbery is murder, and, in such case, deliberation and premeditated design to effect death are presumed. Fritz v. State, 8 Okla. Cr. 342, 128 P. 170.

The evidence shows that Jack King, proprietor of a restaurant, 400 W. Washington street, Oklahoma City, was shot and killed at his place of business.

Marvin Cox testified that at that time he was employed by Jack King and was with him in the restaurant about half past eleven that night; that Mr. King was sitting on a stool counting up how much he had taken in and paid out that day, when a man entered by the back door and said to King, "Hands up!" that King raised up from the stool, and the man fired four shots, turned, and ran out of the back door; that King fired a shot or two and ran out the front door, fell in the street, and died almost instantly.

The defendant testified that he bought the gun introduced in evidence in Chickasha about two months before the killing and kept it in his room at 304 W. Washington; that he took it with him that night to pawn it for some money. He further testified:

"I went in the front door, and Mr. King was sitting at the counter. I says: 'Howdy do, sir.' He says: 'What do you want?' I said I would like to

pawn a gun for a few dollars, and he said, 'Get out of here, God damn you, or I will kill you'; and I turned and started out, and he opened fire on me with a pistol. After he fired twice I fired four shots and backed out at the front door, and Mr. King came out by me and went east. I went south on down to the next street, to Noble, and turned and went back to 304 W. Washington. I had drunk right smart that night."

We deem it unnecessary to further review the facts. It is obvious that the judgment should be affirmed unless some error prejudicial to defendant requires a new trial.

It is contended that the court erred in admitting in evidence a written confession made by the defendant because the same was not voluntarily made. When this written confession was offered in evidence counsel for defendant objected to it on the ground that it was obtained by duress and promises of leniency. The court then caused the jury to retire, and heard all the evidence pro and con upon the question. After hearing the argument of counsel, the court ruled that the confession was admissible.

In this state it is a settled rule of practice that the admissibility of a confession, where objection is interposed, is primarily a question for the court, and should be determined preliminary to allowing the confession to go to the jury, and the burden is on the defendant to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show that fact. Berry v. State, 4 Okla. Cr. 202, 111 P. 676, 31 L. R. A. (N. S.) 849; Wilson v. State, 17 Okla. Cr. 47, 183 P. 613; Mays v. State, 19 Okla. Cr. 102, 197 P. 1064.

After a confession has been admitted, the defend-

ant is entitled to have the evidence in regard to the manner in which it was obtaind given anew to the jury; not that the jury may pass upon its admissibility, but for the purpose of enabling them to judge what weight and value should be given to it as evidence. This was done in the instant case, and the court properly instructed the jury to that effect. We have no doubt that the defendant's written confession was properly admitted in evidence in connection with all the testimony as to the circumstances under which it was made, and it was for the jury and not for the court to say what, if any, weight should be given to it as evidence

We have carefully examined the instructions given by the court and find them to be correct. We have studiously examined the record and briefs, and find nothing to indicate that the defendant did not obtain a fair trial.

Finding the evidence sufficient and no prejudicial error of law occurring at the trial, the judgment appealed from is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.